Filed 2/9/16  Smith v. Moghaddam CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| SHARON MECHELE SMITH,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>MAJID SHEIBANI MOGHADDAM et al.,<br><br>      Defendants and Respondents. | B254775<br><br>(Los Angeles County<br>Super. Ct. No. EC057332) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frank J. Johnson, Judge.  Affirmed.

Snyder ♦ Dorenfeld, Bradley A. Snyder and Rodger S. Greiner for Plaintiff and Appellant.

Knapp, Petersen & Clarke, Stephen C. Pasarow and Maria A. Grover for Defendants and Respondents.

_____

## INTRODUCTION

Plaintiff Sharon Mechele Smith brought this action against defendants Majid Sheibani Moghaddam and Tri City Transport Systems, Inc. (Tri City), claiming that Moghaddam's negligent operation of his taxi caused her to fall while she was riding her motor scooter. At trial, the parties presented competing versions of the facts, each asserting that the other was at fault in causing the accident. A jury sided with defendants, finding in a special verdict form that Moghaddam was not negligent, and the court entered judgment in defendants' favor.

Smith appeals from that judgment and raises a single issue, asserting instructional error. She contends that the trial court's refusal to instruct the jury on the sudden emergency doctrine, as set forth in CACI No. 452, requires reversal of the judgment. That doctrine, when applicable, holds a party confronting a sudden emergency to a lesser standard of care. Smith claims that she was entitled to have the jury apply that standard when evaluating whether she was responsible for the accident. Because the jury found that Moghaddam was not negligent, however, any error in failing to give an instruction bearing on Smith's comparative negligence could not have prejudiced her. We accordingly affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. THE ACCIDENT

In September 2011, Smith bought a new motor scooter. At that time, she was an "inexperienced" rider. The accident occurred approximately one month later.

On October 11, 2011, Smith was driving her scooter on San Fernando Road in Glendale, California. San Fernando Road is a two-way street with two lanes in each direction of travel. The Golden Farms Market Plaza (Plaza) is located on, and has a driveway that exits onto, San Fernando Road. There is curb parking on either side of that driveway. The number one lane on San Fernando Road is the one closest to the center of the street; the number two lane is the one closest to the curb.

Smith claimed that she was driving approximately 35 miles per hour in the number two lane on San Fernando Road. As she approached the Plaza area, a taxi driven by

2

Moghaddam pulled out of the Plaza driveway "very quickly." The taxi drove beyond the parked cars along the curb on San Fernando Road and moved into her lane of travel. The taxi was directly in front of her, approximately two to three car lengths away. Because the taxi appeared before her so suddenly, she had no time to react or reflect on the best course of action. She therefore panicked: she slammed on the brakes, applying both the front and back brakes simultaneously, and "screamed bloody murder." Smith admitted that this was not the proper way to use the scooter's braking system. Smith fell down and suffered extensive damage to her knee, requiring surgery and knee replacement.

Moghaddam, a taxi driver for Tri City, gave a very different account of the facts. He testified that he was off duty that day and had driven into the Plaza. He was very familiar with the Plaza, the parking lot, and the surrounding area because he had driven there numerous times in the past. When he left the Plaza parking lot, he drove towards the exit onto San Fernando Road. After the two cars in front of him turned right onto San Fernando Road, Moghaddam drove his car four feet into the street and stopped before getting beyond the cars parked alongside the curb on San Fernando Road. In other words, the front of his car never crossed into the traffic lane. He looked to his left and saw a scooter travelling on San Fernando Road about 100 feet from him. As he remained in his stopped position, he saw Smith lose control of her scooter, fall, and skid, stopping 10 feet away from him. Moghaddam never moved his car into Smith's lane before she fell.

A third party witness, Albert Sarkis, who was walking in the area, testified at trial. Sarkis was 35 to 40 feet away from the taxi and heard the sound of a tire skid as he was watching the taxi pull out of the parking lot. Sarkis turned toward the noise to his left and observed Smith skid on her scooter and fall to the ground. When Sarkis turned back to his right, he saw that the taxi had stopped before reaching the number two lane. The taxi's front bumper had not passed the cars parked alongside the curb.

The officer who investigated the accident testified about the marks the scooter left on the road. He explained that "the scooter locked up its rear wheel and left a brake mark

3

approximately 12 feet long." After the scooter went down, it slid for approximately 28 more feet. When Smith came to a stop, she was eight to 10 feet from Moghaddam.

## B.    THE JURY VERDICT

On December 29, 2011, Smith filed this negligence action against defendants, alleging that Moghaddam "failed to yield the right-of-way" to her "when he drove his vehicle from a private driveway onto San Fernando Road . . . ."

On October 31, 2013, the case proceeded to trial. The jury returned a unanimous special verdict[1] in favor of Moghaddam.[2] In response to the first question—"Was Majid Sheibani Moghaddam negligent?"—the jury answered, "No." The special verdict form directed the jury not to complete the remaining questions about the elements of the claim if it found that Moghaddam was not negligent. The jury therefore did not answer any further questions, including whether Smith was comparatively negligent.

On November 18, 2013, the trial court entered judgment on the special verdict in favor of defendants. On December 11, defendants' counsel served Smith's counsel with notice of entry of judgment on the special verdict.

## C.    THE NEW TRIAL MOTION AND APPEAL

On December 20, 2013, Smith filed a notice of intention to move for a new trial on the ground that the trial court committed legal error at trial. Ten days later she filed her motion, arguing that the trial court's erroneous refusal to instruct the jury with CACI No. 452 entitled her to a new trial. The court heard argument and denied the motion on January 31, 2014. Smith then timely appealed.[3]

---

[1]    The special verdict form submitted to, and filled out by, the jury is not part of the record on appeal. The relevant portion of the special verdict form is set forth in the judgment on special verdict, however.

[2]    Tri City was not mentioned in the body of the special verdict form. The parties stipulated that a finding that Moghaddam was liable would impose ownership liability on Tri City pursuant to Vehicle Code section 17150.

[3]    In her notice of appeal, Smith purports to appeal from the order denying her new trial motion, which is nonappealable. (*Walker v. Los Angeles County Metropolitan*

4

In pursuing her appeal, Smith violates a number of basic procedural rules. Smith's opening brief fails to "[p]rovide a summary of the significant facts" (Cal. Rules of Court, rule 8.204(a)(2)(C)) and fails to cite to the six-volume trial transcript when reciting facts in her legal argument (*id*., rule 8.204(a)(1)(C)). In addition, though Smith asks us to review the propriety of the trial court's failure to instruct the jury as requested, she has not provided us with a copy of the requested instruction. "[O]n appeal a party cannot predicate error on a refusal to give an instruction unless the proposed written instruction is made a part of the record [citation]." (*Green v. County of Riverside* (2015) 238 Cal.App.4th 1363, 1370.) She also has not provided a copy of the actual instructions given by the trial court so that we can evaluate the impact of any instructional error in the overall context of the instructions. While we have the trial transcript, it does not contain the reading of the instructions because the parties waived transcription of it.

These violations are sufficiently serious to warrant our finding that Smith has forfeited her claim of instructional error. (*In re S.C.* (2006) 138 Cal.App.4th 396, 407.) In the interests of justice, however, we elect not to do so. We will rely on the proposed version of CACI No. 452 as set forth in defendants' trial brief (which is part of the appellate record).

## DISCUSSION

### A. THE STANDARD OF REVIEW AND APPLICABLE LAW

A trial court, upon request, must instruct the jury on each theory of the case supported by substantial evidence. (*Alamo v. Practice Management Information Corp.* (2013) 219 Cal.App.4th 466, 475.) We review de novo a trial court's decision not to give a requested instruction, and we evaluate the record in the light most favorable to the requesting party to determine if substantial evidence supported the request. (*Ibid*.) If the trial court erred in refusing to give an instruction, we will reverse the judgment only if the

---

*Transportation Authority* (2005) 35 Cal.4th 15, 19 [order denying new trial "is not independently appealable and may be reviewed only on appeal from the underlying judgment"].) She has not included that order, nor provided any argument challenging it, on appeal.

error produced a "'"miscarriage of justice."'" (*Id*. at pp. 475-476.)  Such injustice occurs if it is reasonably probable that the appealing party would have obtained a more favorable result had the instructional error not occurred.  (*Id*. at p. 476; accord, *Green v. County of Riverside*, *supra*, 238 Cal.App.4th at p. 1371 ["Instructional error in a civil case is not ground[s] for reversal unless it is probable the error prejudicially affected the verdict."].)

**B.      ANY INSTRUCTIONAL ERROR WAS NOT PREJUDICIAL**

      1.      *The Requested Instruction*

Smith asked the trial court to instruct the jury on the sudden emergency doctrine using the following modified version of CACI No. 452:

> "Plaintiff Sharon Mechele Smith claims that she was not negligent because she acted with reasonable care in an emergency situation. Plaintiff . . . was not negligent if she proves all of the following:
>
> "1.      That there was a sudden and unexpected emergency situation in which someone was in actual or apparent danger of immediate injury;
>
> "2.      That plaintiff . . . did not cause the emergency; and
>
> "3.      That plaintiff . . . acted as a reasonably careful person would have acted in similar circumstances, even it appears later that a different course of action would have been safer."

The trial court sustained defendants' objection to this instruction, finding that the doctrine did not apply here.  Relying on the instructional guidance in CACI No. 452, the trial court noted that the instruction was "reserved for those occasions where a conscious choice between two or more alternatives is made . . . [a]nd in light of later events, it turns out that one of the other choices would have been a better choice."  The court found no substantial evidence that Smith made a choice between reasonable alternatives when responding to a perceived sudden danger.  The court agreed that "[t]here may have been other choices available to Ms. Smith, but locking up the brakes was not one of them."  The court then declined to give the requested instruction over Smith's objection.

6

2.      *Smith Has Not Demonstrated Prejudice*

We need not decide whether the trial court should have given the requested instruction because any error did not prejudice Smith in light of the jury's finding that Moghaddam did not drive negligently.

The parties presented the jury with two conflicting versions of the facts. Moghaddam claimed that he crossed the driveway when he exited the Plaza but never entered Smith's lane of travel, stopping before reaching that point. Smith, on the other hand, claimed that Moghaddam suddenly appeared from the Plaza and crossed into her lane of travel in violation of the traffic laws. Smith's counsel argued to the jury that this constituted negligence per se: "[The presumption of negligence instruction] cites the Vehicle Code section 21804, and this says that the driver of any vehicle about to enter or cross a highway from any public or private property shall yield the right of way to all traffic approaching on the highway close enough to constitute an immediate hazard." Counsel continued: "So the bottom line is that Mr. Moghaddam violated this code section, and that's why we believe you should answer the first question yes."

In referring to the "first question," Smith's counsel was discussing the special verdict form. He explained: "The first question is was Mr. Moghaddam negligent. And assuming you answer that question yes, you move on to the next question as to whether his negligence was a substantial factor in causing the accident, and so on and so forth. And then we get into the issue of damages. And if you believe that Ms. Smith was also negligent, then what you'll do is you'll answer those questions regarding her conduct. And then at the conclusion of this form, if you believe that both drivers were responsible for causing the accident, then you . . . apportion responsibility . . . ."

Because the jury found that Moghaddam was not negligent (i.e., he did not violate Vehicle Code section 21804 by protruding into Smith's lane), the failure to give the requested instruction was irrelevant to the outcome of the case. In light of that finding, the jury was not required to consider whether Smith was comparatively negligent, and the sudden emergency doctrine was only relevant to that question. Indeed, Smith's counsel made this point to the jury when explaining his client's conduct, stating that

7

Moghaddam's "violation of this vehicle code section is what caused [Smith] to react and respond." Counsel explained that Smith "was confronted with this emergency situation, and she had no choice but to slam on the brakes . . . ." This was reasonable, said counsel, because when the driver of a scooter "is involved in a sudden emergency or confronted with an obstacle, they don't have time to sit back, ponder, think, react. What they do is they instinctively respond. And this is exactly what Ms. Smith did here. She did not have time to respond and make a better decision such as swerving out of the way, or applying the brakes differently, or doing something that could have potentially avoided . . . the accident."

In sum, the jury accepted Moghaddam's version of the facts and found that he was not negligent and did not violate Vehicle Code section 21804. This finding rendered the sudden emergency doctrine irrelevant because the instruction addresses, as the proposed language states, whether Smith was comparatively negligent. (CACI No. 452 as modified ["Plaintiff Sharon Mechele Smith claims that she was not negligent because she acted with reasonable care in an emergency situation."].) As Smith's counsel acknowledged, a finding that Moghaddam was not negligent avoids the issue of comparative negligence.[4] Consequently, the trial court's error, if any, in refusing to instruct the jury with CACI No. 452 "was harmless, because it is not reasonably probable

---

[4] The jury's finding, moreover, contradicts Smith's claim that she faced a sudden emergency as defined in CACI No. 452. If Moghaddam did not negligently impede Smith's lane of travel, as the jury found, then it cannot be said that he created "a sudden and unexpected emergency situation in which someone was in actual or apparent danger of immediate injury." (*Ibid*.) The jury clearly concluded that Smith panicked when she locked up her brakes, and that Moghaddam did not negligently cause that reaction. This is not the type of "emergency"—one of Smith's own making—recognized by the sudden emergency doctrine. (*Ibid*. [stating, as an element of proof, that the party relying on the doctrine "did not cause the emergency"].)

[Smith] would have obtained a more favorable result [if it had been given]." (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 570.)[5]

## **DISPOSITION**

The judgment is affirmed.  Defendants are awarded their costs on appeal.

BLUMENFELD, J.[*]

We concur:

PERLUSS, P. J.

ZELON, J.

---

[5]  The two cases upon which Smith relies are distinguishable:  *Fish v. Los Angeles Dodgers Baseball Club* (1976) 56 Cal.App.3d 620 [failure to instruct on concurrent causes held prejudicial] and *Phillips v. G. L. Truman Excavation Co.* (1961) 55 Cal.2d 801 [failure to instruct on contributory negligence as a defense to liability held prejudicial].  The rejected instructions in those cases bore on—and thus might have affected—the determination made by the jury.

[*]  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.